**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENNETH DRAGOS,** | : | **CIVIL ACTION** |
| **INDIVIDUALLY, AND ON BEHALF** | : | |
| **OF THOSE SIMILARLY SITUATED** | : | **CLASS ACTION** |
| **205 Barnhill Road** | : | |
| **Perkasie, PA 18944** | : | **CASE NO.  11-cv-** |
| | : | |
| **vs.** | : | |
| | : | |
| **CHASE HOME FINANCE, LLC** | : | |
| **3415 Vision Drive** | : | |
| **Columbus, OHIO 43219** | : | |

## CLASS ACTION COMPLAINT IN CIVIL ACTION

### I.   PARTIES

1.     Plaintiff, Kenneth Dragos ("Dragos"), is an individual residing at the address set forth in the caption. Plaintiff is a citizen of the Commonwealth of Pennsylvania, and resident of Perkasie, County of Bucks.

2.     Plaintiff is a mortgagor of a mortgage which is and has been serviced by defendant, Chase Home Finance, LLC (hereinafter referred to as "Chase"). Plaintiff is the owner of 205 Barnhill Road, Perkasie, PA 18944.

3.     Plaintiff is a consumer and all transactions which form the bases of this complaint are consumer and consumer credit transactions which arose solely for personal, household, or family use and purpose. Plaintiff brings this action on behalf of himself and on behalf of a class of mortgagors of Chase, as more fully defined below.

4.     This suit is filed on behalf of Plaintiff, individually, and on behalf of a Class (the "Class"). The Class of which Plaintiff is representative is comprised of persons who are now or have been mortgagors of loans serviced by Chase and who, during the respective Chapter 13 bankruptcy proceedings of plaintiff and the members of

the Class, have been wrongfully charged, billed or otherwise debited by Chase for various and additional charges imposed, which additional and various charges are not permitted to be imposed during bankruptcy. The names and addresses of the individual members of the Class are not yet known. The term "Plaintiff" is intended to refer to Plaintiff, Kenneth Dragos, and the members of the Class, collectively, unless the context specifically indicates otherwise.

5.    It is believed that Chase is a corporation with a principal place of business in New York. Chase transacts the business of servicing[1] mortgages, *inter alia,* throughout the United States, including the Commonwealth of Pennsylvania.

6.    Chase is believed to be a wholly owned subsidiary of JP Morgan Chase Bank, N.A., headquartered in New York City.  Nonetheless, Chase is believed to be a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6)(F).

## II.    JURISDICTION AND VENUE

7.    This Class Action Complaint in Civil Action is properly within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania because of the defendant's violations of 15 U.S.C.A. §1692, *et seq.,* the *Fair Debt Collection Practices Act* ("FDCPA"), more fully discussed below.

---

[1] The servicer of a mortgage is one who is responsible for certain activities involved in mortgage administration and operations, such as receiving payments, ensuring hazard insurance on the property, overseeing payment of taxes (and hazard insurance), imposing late fees and other appropriate and applicable charges, and making distribution of proceeds to the real or beneficial owner of the mortgage, most commonly referred to as the "investor". Often, the "servicer" is not the real owner of the mortgage. In consideration therefor, the servicer derives for its own benefit fees, commissions, and other remuneration from the real owner of the mortgage. One of the benefits of charging late fees is that the servicer keeps late fees that are paid.

8. In the alternative and/or the cumulative, this Class Action is properly within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1322(d)(2), for the following reasons:

a. It is believed and therefore averred that the total value of the case exceeds $5,000,000.00, exclusive of interest and costs;

b. The putative Class consists of members who are citizens of states different than Plaintiff;

c. It is believed and therefore averred that more than two-thirds (2/3) of the putative Class members are citizens of states other than Pennsylvania;

d. Defendant is a citizen of a state other than Pennsylvania;

e. The claim asserted does involve issues of an interstate interest.

9. Venue is proper within the United States District Court for the Eastern District of Pennsylvania for:

a. Defendant conducts business in this district;

b. The representative Plaintiff resides in this district and the real estate which is the basis of the Class representatives' action is in this district;

c. Defendant has maintained significant contacts in this district, directly and indirectly, and is believed authorized to do business in this district.

## III.  SUMMARY STATEMENT OF THE CASE

10. The case arises because of a practice by Chase involving its servicing of mortgages and it's imposition of certain charges during bankruptcy proceedings when, in fact, the respective mortgagor's monthly mortgage payments have been made to the account of the mortgagor on time and in the proper amount for each post-bankruptcy

petition monthly mortgage payment. Chase's conduct includes and involves post-bankruptcy petition charges dramatically in excess of that permitted by law:

        a.      When pre-bankruptcy mortgage arrears accrue for items attributed to escrow, to wit: Homeowner's insurance and property taxes, such arrears become part of the Chapter 13 plan of the debtor;

        b.      Pre-bankruptcy arrears are not to be included in the regular monthly mortgage charges in the post-bankruptcy petition era;

        c.      Pre-bankruptcy mortgage arrears are to be payable through a Chapter 13 plan to a Chapter 13 Standing Trustee; while

        d.      Post-bankruptcy petition mortgage payments to be paid directly to the mortgage company are to revert to their pre-arrearage or default rate.

    11     After a mortgagor whose mortgage is serviced by Chase files a bankruptcy, all pre-petition arrears become part of the Chapter 13 plan, and the post-petition payments revert to the pre-arrearage level; however, Chase continues to charge the debtor/mortgagor the pre-bankruptcy petition monthly payment.

    12.    For example, Chase, in a Proof of Claim filed by Chase with the United States Bankruptcy Court for the Eastern District of Pennsylvania, in plaintiff's bankruptcy, acknowledged: **"As of the bankruptcy filing date, the regular monthly contractual payment is $3,738.24** (comprised of principal and interest in the amount of $2,054.69, current escrow in the amount of $620.98, and escrow shortage in the amount of $1,062.57). **Commencing December 1, 2009, the Debtors' regular monthly post-petition contractual payment will be $2,538.36** (comprised of principal and interest in

the amount of $2,054.69 and current escrow in the amount of $483.67)." *See* Exhibit "A", a true and correct copy of the Proof of Claim filed by Chase.

13.     Thus, Chase, with the knowledge that it cannot charge for all or part of pre-bankruptcy petition arrears as a part of a post-bankruptcy petition mortgage payment nonetheless continues to wrongfully charge for same.

14.     This results in the imposition of additional late fees for the late payment, because Chase does not accept the payment of the $2,538.36 as the full monthly payment, regardless of its instruction set forth in Exhibit "A", and considers the payment as "incomplete meriting the imposition of a late fee, regardless if paid timely.

15.     In fact, the collection of "late" fees and similar charges, and the application thereof, are governed by law and by contract, *inter alia.* The contractual provisions for "late fees" are set in mortgage documentation consisting of:  The security agreement (often referred to as the "Trust Instrument" or "Mortgage") and the Promissory Note. This documentation provides for late charges upon the occurrence of specifically defined payment date deadlines.

16.     Furthermore, the collection of late fees by the servicer is often reiterated in the monthly (or other period basis) statement or coupon, as a reminder to the mortgagor.

17.     Regardless of the contractual  restrictions imposed upon the mortgage servicer not to impose a late charge until after the date certain, defendants have prematurely imposed late charges upon the accounts of its mortgagors, and/or have misapplied  principal and interest payments, and possibly other ascribable payments.

18.    As a matter of course and policy, however, Chase regularly imposes late charges upon payments received by Chase that, although a correct payment in the post-bankruptcy petition context, Chase wrongfully treats as insufficient.

19.    These wrongful post-bankruptcy monthly charges, payment of these late charges, and other wrongful acts such as misapplication of payments, once imposed by Chase, are required to be paid by the borrowers, otherwise the loan is considered in default, and the mortgagor(s) become subject to dunning efforts to collect, misapplication of payments, and may even suffer motions for relief from the automatic stay and foreclosure.

20.    Thus, Plaintiff, on behalf of himself, and all others similarly situated, seeks to put an end to these oppressive and unconscionable practices which breach the contractual agreements between the parties and otherwise violate law. To accomplish this objective, Plaintiff has come to this Court seeking appropriate damages.

## IV.    CLASS ACTION ALLEGATIONS

21.    This case is properly maintainable as a Class Action pursuant to and in accordance with Federal Rule of Civil Procedure ("F.R.C.P.") 23(a), *et seq*:

(1)    On belief, the Class is so numerous that joinder of all members is impractical.

(2)    There are substantial questions of law and fact common to the Class.

(3)    The claims of the representative plaintiffs are typical of the claims of the members of the Class.

(4)     The representative plaintiffs will fairly and adequately protect the interests of the Class.

22.     This case is properly maintainable as a Class Action pursuant to and in accordance with F.R.C.P. 23(b)(3).

a.     The issues of fact common to the members of the Class, as required by Local Rule of Civil Procedure ("Local Rule") for the Eastern District of Pennsylvania, 23.1(b)(2)(D), are set forth below in paragraph 15.b.(1), et seq.

b.     The questions of law common to the members of the Class, as required by Local Rule 23.1(b)(2)(D) are set forth below in paragraph 15.

c.     The questions of law and the questions of fact predominate for the Class over any questions of law and/or fact affecting only individual members of the Class.

d.     A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class are overwhelmingly predominant.

e.     As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

f.     There is no reason why the litigation should not proceed in this particular forum.

g.     There are no unusual difficulties foreseen to be encountered in the management of this Class action.

h.      Plaintiffs are not aware of any litigation involving the captioned

parties with the issues as set forth herein.

23.     The claim by plaintiff, for himself and for and on behalf of the members of

the Class, is justified as a Class Action for the following reasons:

a.      Although the size of the Class is not specifically known, it is

believed that the number of appropriate members of Class is substantial.

b.      The basis upon which plaintiff claims to be an adequate

representative of the Class is as follows:

(1)     Plaintiff is a homeowner, and mortgagor of the mortgagee of

which defendant, Chase, is the servicing entity for the real mortgagee in interest (the

investor). All members of the Class are/were (at all times relevant) homeowners, and

mortgagors with defendant, Chase, servicing the respective mortgages;

(2)     Plaintiff granted a mortgage to Chase, to its predecessor in

interest. At the time of the mortgage transaction, Plaintiff executed various documents in

favor of the mortgagee, including: Mortgage and Note, true and correct copies of which are

believed filed of record with the Bucks County Recorder of Deeds, and they are

incorporated herein by reference.

(3)     The monthly mortgage payment for principal and interest for

the subject loan and mortgage is $2,054.69, plus escrow for taxes and homeowner's

insurance.

(4)     The Note specifically provides that the mortgage payments

are due on the first of every month. The Note further provides that, if payments are not

received within fifteen (15) days after the due date, and, therefore, by the end of the

sixteenth (16th) of every month, a later charge will be imposed. All members of the Class had granted to Chase, or a predecessor in interest (hereinafter referred cumulatively referred to ("Chase"), a mortgage and had executed a note in favor of Chase

(5)     Plaintiff had suffered arrearages to accrue to the point at which plaintiff filed for protection under and pursuant to 11 U.S.C. Chapter 13 of the United States Bankruptcy Code. When a mortgagor becomes a debtor under and pursuant to 11 U.S.C. Chapter 13, the mortgage payment status is treated as follows:

(a)     Arrears are paid through the Chapter 13 plan; and the

(b)     Current post-bankruptcy petition monthly mortgage payment revert to that amount of principal, interest and pre-arrearage escrow. *See* Chase's explanation at paragraph 11, above;

(c)     If the next monthly mortgage payment due after the bankruptcy petition filing date, and each subsequent mortgage payment thereafter, is made timely and prior to the seventeenth (17th) of the respective  month, the mortgage is deemed current, regardless of the pre-bankruptcy petition arrears; and

(d)     If any post-bankruptcy petition payment is not made timely, and not made by the sixteenth (16th) of the respective month, a late charge will be applicable for the month of that late payment.

(6)     Plaintiff filed his bankruptcy petition and relief was granted on October 13, 2009. Plaintiff's (along with joint debtor, debtor's wife, Diane Dragos) filed and their bankruptcy number in the United States Bankruptcy Court for the Eastern District of Pennsylvania is 09-17760 BIF.

(7)     Plaintiffs' Chapter 13 plan was confirmed on July 10, 2010;

(8)     All the while and during the bankruptcy proceeding, plaintiff,

Kenneth Dragos, kept current and timely with his mortgage payments to Chase.  Having

filed bankruptcy on October 13, 2009, plaintiff's first post-bankruptcy petition monthly

mortgage payment, in the amount of $2,538.36 was due to be paid to Chase on or about

November 1, 2009.

(9)     Plaintiff has made post-bankruptcy petition payments to

Chase as follow:

| When Paid | Payment Amount | Month Paid For |
|-----------|----------------|----------------|
| October 31, 2009 | $2,675.67 | November, 2009 |
| December 9, 2009 | $2,675.67 | December, 2009 |
| January 11, 2010 | $2,675.67 | January, 2010 |
| February 3, 2010 | $2,675.67 | February, 2010 |
| March 4, 2010 | $2,538.36 | March, 2010 |
| April 5, 2010 | $2,538.36 | April, 2010 |
| May 3, 2010 | $2,538.36 | May, 2010 |
| June 4, 2010 | $2,538.36 | June, 2010 |
| July 2, 2010 | $2,538.36 | July, 2010 |
| August 10, 2010 | $2,538.36[2] | August, 2010 |
| September 3, 2010 | $2,538.36 | September, 2010 |
| October 21, 2010 | $2,538.36 | October, 2010 |
| November 23, 2010 | $2,538.36 | November, 2010 |
| December 10, 2010 | $2,550.13 | December, 2010 |
| January 14, 2011 | $2,550.13 | January, 2011 |
| February 1, 2011 | $2,550.13 | February, 2011[3] |
| March 1, 2011 | $2,550.13 | March, 2011[4] |
| April 7, 2011 | $2,550.13 | April, 2011[5] |

---

[2] There were two August, 2010 payments:  The first was made by electronic transfer on August 12, 2010, in the amount of $2,558.36 ($20.00 telephone charge included); inadvertently, Mrs. Dragos sent another payment for the same month, and it was returned NSF.  However, the NSF payment would have duplicated the timely payment for August, 2010.

[3] February's payment was sent to Chase by date of February 1, 2011; however, because Chase's accounting showed plaintiffs as post-petition in arrears, Chase received the February 2011, payment and returned the payment to the plaintiffs.

[4] The payments for February, 2011 and March of 2011 were sent by plaintiffs' counsel to the attorney for Chase to ensure proper crediting.

| May 10, 2011 | $2,550.13 | May, 2011. *See* FN 5 |
| June 7, 2011 | $2,550.13 | June, 2011. *See* FN 5. |

(10)     Therefore, Plaintiff has made timely monthly mortgage payments to Chase subsequent to the bankruptcy petition with the exception of October and November of 2010; thus, no post-petition late charges are proper except for October and November of 2010.

(11)     Furthermore, Chase has been imposing pre-petition accrued escrow arrears upon Plaintiff although these arrears are a part of the Plaintiff's Chapter 13 plan, as follows:

(a)     The correct monthly post-petition payment due from Plaintiff has been $2,550.13, comprised of the following:

(i)     Principal and interest = $2,054.69; and

(ii)     Escrow = $495.44

*See* Exhibit "B", Statement dated May 19, 2011, which differs ever so slightly from Exhibit "A", above.

(b)     The amount charged post-petition monthly, however, by Chase, was on or about $3,738.24,which included pre-petition arrears for escrow expedited on a 12 month basis, and an improper charge.

(12)     Because of the wrongful charging of the post-petition payments, Chase has been misapplying the monthly payments, placing the $2,550.13 into suspense and, when the total in suspense had reached $3,738.24, or a like amount, it would remove that amount from escrow and apply to the post-petition arrears.

---

[5] The payment for April, 2011 was sent by plaintiffs' counsel to the attorney for Chase to ensure proper crediting.

(13)    As a result of the wrongful input to "suspense" during Plaintiff's post-petition era, Chase has continued to charge wrongful monthly late fees when the Plaintiff made his monthly payment of $2,550.13 (5% of the principal and interest payment of $2,054.69, or $102.73. For example *see* Exhibit "B"[6], representing the escrow analysis statement of May 19, 2011. *See* Exhibit "C", the mortgage statement for January, 2011.

(14)    Although the filing of a Chapter 13 bankruptcy proceeding acts to reset the status of the mortgage payment history to a post-bankruptcy petition, current status, for purposes of assessing late charges, *inter alia,* Chase has not reset the mortgage payment status to "Current", but, instead, continues to charge post-bankruptcy petition law charges that are made timely, post-bankruptcy filing, and should not have incurred late charges or other charges related to the wrongful attribution of pre-petition arrears to post-petition payments.

(15)    Therefore, Chase has been wrongfully charging plaintiff for late fees on payments received by Chase prior to the 17th day of the respective month, and after the filing of the bankruptcy petition.

(16)    All members of the Class made timely, post-bankruptcy petition, mortgage payments to Chase which, although received by Chase on or before the day prior to the day for which late fees were permitted to be charged, Chase nonetheless charged late fees to the members of the Class.

---

[6] Exhibit "C" consists of two mortgage statements for December, 2010:  December 3, 2010, showing the December, 2010 payment and, December 16, 2010, showing the late charge increment of $178.83.

(17)   By law and by contract, these late fees were/are not permitted to be imposed by Chase upon the plaintiff and upon any member of the Class;

(18)   State law, regardless of whatever state, does not permit the charge of such late fees upon the mortgagors, the members of the Class;

(19)   For each such payment by any mortgagor, Chase has overcharged by the percentage amount of each late fee;

(20)   Chase is misapplying portions of the current, post-bankruptcy, petition monthly mortgage payments to late fees;

(21)   Chase is utilizing a portion of current mortgage payments misapplied to the outstanding improper late fees and re-payment of advances for such items as attorney's fees and costs to wrongfully pursue the collection of the incorrect post-petition monthly payments, causing those mortgage payments to be therefore subject to late fees because they were insufficient to account for all principal and interest and escrow and other charges resulting from the initial post-petition wrongful charges.  This will have perpetuated a series of wrongful charges emanating from a prior misapplication of payments made, which payments were deemed insufficient.

(22)   Every month since the Debtor's bankruptcy was filed, Chase has written a letter to Plaintiff's bankruptcy attorney explaining, incorrectly, that the Plaintiff was past-due for his post-bankruptcy petition payments, and, in some months, multiple letters,

(23)   As of March, 2011, at least, Chase stopped accepting monthly, post-petition, payments tendered by Plaintiff; thereafter, Plaintiff's counsel then began to send all monthly payments through Chase's bankruptcy attorney with the demand

that the payments be accepted, particularly as Plaintiff was current on a post-petition basis[7].

(24)    Chase has even reported to the various credit reporting agencies that the monthly payment was $3,738 for 360 months. This has been disputed, but Chase has failed and refused to correct this information.

(25)    Charges that have been wrongfully imposed on Plaintiff's account and the accounts[8] of the members of the Class include, but may not be limited to, late fees, "recoverable advances", or the like.

(26)    All members of the Class have suffered through the same scenario, with variations solely in the percentage and dollar amounts of late fees, and the due date prior to the date the late fee became appropriate. That which is not a variable in this same scenario, however, is that each member of the Class made mortgage payments received on or about the last date before a late fee was permitted, and each member of the Class nonetheless was charged a late fee;

(27)    All members of the Class have suffered through the same scenario, with variations solely in the percentage and dollar amounts of late fees, and the due date prior to the date the late fee became appropriate. That which is not a variable in this same scenario, however, is that each member of the Class made post-petition mortgage payments based on the pre-petition proper monthly payments which Chase deemed to be insufficient because of Chase's wrongful charge for pre-petition escrow arrears added to the

---

[7] Furthermore, and at all time relevant, the Plaintiff has been current with the Chapter 13 Trustee's payment as required by the Plaintiff's confirmed Chapter 13 plan.
[8] Some of these charges may have been accrued on the various accounts of the Class members, including Plaintiff, to be accumulated and required to be paid when the loan is paid off, or they may have been deducted from monthly payments, depriving the Class members of credit for a full monthly payment.

post-petition payment when such arrears are, instead, to be made through the Chapter 13 plan;

(28)    At all times relevant, the respective members of the Class were caused to pay or were otherwise charged for these wrongful increments to their monthly post-petition mortgage payments.

24.    The issues of fact, therefore, for all members of the Class are the same as set forth above, with minor, not substantial, variation.

25.    The questions of law governing the rights of each member of the Class are the same as they relate to the defendants:

a.    Are the post-bankruptcy petition charges for "late fees" ("these wrongful late fees") charged or imposed for post-bankruptcy petition payments received on or before the last day before which such late fees are appropriate  excessive, unconscionable, unreasonable, and/or otherwise illegal or improper?

b.    Are the post-bankruptcy petition charges other than "late fees" and attributable to the wrongful inclusion of pre-bankruptcy petition arrears appropriate, excessive, unconscionable, unreasonable, and/or otherwise illegal or improper?

c.    Is defendant, Chase, negligent in imposing these wrongful late fees?

d.    Is defendant, Chase, grossly negligent and/or reckless in imposing these wrongful charges?

e.    Has defendant, Chase, imposed these wrongful charges knowingly and intentionally?

f.    Are these wrongful charges "reasonable" within the context of the mortgage documentation?

g.   Has Chase been under an obligation imposed by equity and/or law not to impose these wrongful charges?

h.   Has Chase breached the grant of authority provided by the mortgagors in the mortgage documents by imposing these wrongful charges?

i.   Has Chase breached its express contractual obligations to plaintiffs by the imposition of these wrongful charges?

j.   Has Chase violated 15 U.S.C. §1692, *et seq,*. by charging these wrongful charges which have no basis in law or contract?

k.   Has Chase engaged in unfair trade practices to plaintiff?

l.   Has Plaintiff suffered damages as a direct and/or proximate result of the wrongful charges?

m.   If so, is plaintiff entitled to recovery of damages as follows?

    (i)   compensatory damages;

    (ii)   other special damages;

    (iii)   punitive damages;

    (iv)   statutory damages;

    (v)   treble damages or damages as a multiple of compensatory and other special damages;

    (vi)   costs;

    (vii)   attorney's fees;

    (viii)   other relief as the Court may deem appropriate.

n.   Is defendant, Chase, required by law or equity to disgorge improper profits derived from its tortious activity?

o.    Have the members of the Class been adversely affected as Plaintiff,

and, if plaintiff has been injured as described above, have the members of the Class been so

injured?

## V.    THE CLASS

26.    Paragraphs one through and including twenty-five above are incorporated

herein by reference as if set forth herein at length.

27.    The above-named Plaintiff brings this action on behalf of himself and:

> All persons in the United States of America who are or were
> debtors in proceedings pursuant to 11 U.S.C. Chapter 13 and whose
> mortgages during their bankruptcy proceedings were or are serviced by
> Chase Home Finance, LLC ("Chase") and upon whom Chase imposed
> post-bankruptcy petition charges predicated upon pre-bankruptcy petition
> arrearages.

## VI.    CAUSES OF ACTION

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT
### CLASS ACTION – PLAINTIFFS V. CHASE

28.    The averments of paragraphs one through and including twenty-seven above

are incorporated herein by reference as if set forth herein at length.

29.    Defendant, Chase, is a "debt collector" as defined by 15 U.S.C. 1692(a)(6) of

the "Fair Debt Collection Practices Act ("FDCPA"). Chase's debt collection activities

utilize the mails and interstate commerce.

a.    The mortgage was originally given to Madison Funding, Inc., A

Maryland Corporation. The mortgage is of record in the Office of the Recorder of Deeds of

Bucks County, Pennsylvania, and is incorporated herein by reference;

b.    The mortgage was assigned – date unknown – to Mortgage

Electronic Registration Systems, Inc. ("MERS") prior to July 23, 2009;

        c.      By assignment dated July 23, 2009, MERS assigned the mortgage to U.S. Bank National Association, as Trustee. *See* Exhibit "D", a true and correct copy of the filed assignment;

        d.      At a point in time, unknown to Plaintiff at this time, Chase was then assigned the mortgage and/or the servicing rights;

        e.      On October 13, 2009, Plaintiff, along with his co-debtor wife, Diane, filed for bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Pennsylvania, pursuant to 11 U.S.C. Chapter 13;

        f.      At the time of the bankruptcy filing, Plaintiff was in arrears with his mortgage from January 1, 2009. *See* the Proof of Claim filed by Chase in the bankruptcy proceeding, attached hereto as Exhibit "A";

        g.      As the assignment from MERS was when the mortgage was already seven (7) months in arrears, and Chase was apparently not yet in the recorded chain of title, Chase received the mortgage when the Plaintiff was in default. Therefore, Chase is a "debt collector" as defined by 15 U.S.C. 1692a(6)(F).

30.      Plaintiff is a consumer as defined by 15 U.S.C. §1692(a)(3) of the "Fair Debt Collection Practices Act" ("FDCPA").

31.      Defendant, Chase, is and has been in violation of FDCPA, §1692e, thereof, in that Chase has engaged in and conducted activities with respect to the collection of the respective debts of the Plaintiff and respective members of the Class by:

        a.      Deceptive representations or means;

        b.      False representations or means;

        c.      Misleading representations or means;

        d.      Attempting to collect illegally incurred late fees.

    32.     Defendant, Chase, is and has been in violation of FDCPA, §1692f., thereof, in that Chase has engaged in and conducted activities with respect to the collection of the respective debts of the respective members of the Class by:

        a.      Collecting or attempting to collect amounts not expressly authorized by the agreement creating the debt;

        b.      Collecting or attempting to collect amounts not expressly authorized by law.

    33.     Defendant, Chase, is and has been otherwise in violation of the FDCPA, and specifically by the following specific acts and activities:

        a.      Plaintiff filed his bankruptcy proceeding on October 13, 2009;

        b.      Plaintiff's first post-bankruptcy petition mortgage payment was due for November 1, 2009, with late fees not chargeable until November 17, 2009, and never applicable until the 17th day of any subsequent month;

        c.      Plaintiff first mortgage payment in the amount of $2,675.67 was made, received and credited in full by Chase prior On October 31, 2009, prior to the due date;

        d.      Chase received the $2,675.67 payment and put it into "suspense";

        e.      The next month's payment of $2,675.67 was received by Chase on December 9, 2009, and was put into "suspense" with the notation that the amount that was supposed to have been paid was $3,738.24, an amount inclusive of pre-petition escrow arrears, and an improper charge.

f.    The December payment, having put into suspense and combined with the November payment now accumulated sufficient funds to pay the incorrect amount of $3,738.24, leaving a balance of $1,613.10 in suspense; thus, Chase took $3,738.24 from suspense and applied it as the November payment[9];

g.    Thus, Chase's wrongful accounting and payment application and charges resulted in this process of putting all payments into suspense until there were sufficient funds to pay the $3,738.24, so that each month the Plaintiff - by Chase's calculations – fell farther and farther into arrears, although Plaintiff should have been deemed current;

h.    Therefore, and each month beginning in November, 2009, Chase began to charge late fees against the Plaintiff's account although all payments were made in the proper amounts and timely (but for late payments for October, November and December of 2010. *See* Exhibit "E", a true and correct copy of a breakdown provided by Chase;

i.    Solely as the result of the first misapplication and wrongful charge for November of 2009, each and every subsequent month was wrongfully charged a late fee;

j.    Other charges were also added to the Plaintiff's account such as are illustrated on the monthly statement dated June 30, 2010, attached hereto as Exhibit "F";

k.    The wrongful charges reflected in the monthly statements, and monthly (and more frequent) letters of default have and continue to cause confusion and misunderstanding;

---

[9] The November payment of $2,675.67 and the December payment of $2,675.67 provided a total in suspense of $5,351.34, from which Chase paid itself the wrong payment amount of $3,738.24 applying the latter to the November, 2009, payment, leaving a balance in suspense of $1,613.10.

l.      The wrongful charges as reflected in the monthly statements and the monthly (and more frequent) letters of default are intended to cause confusion, misunderstanding and to generate more income than that to which Chase is entitled.

34.     These charges and the attempt to collect them are illegal and improper and violative of the FDCPA as set forth above.

35.     Plaintiff and the members of the Class are entitled to damages pursuant to 15 U.S.C. 1692k., including

a.      Actual damages sustained by each plaintiff as a result of Chase's failure to comply with FDCPA;

b.      The lesser of $500,000 or 1 per centum of the net worth of the defendant, Chase,

c.      Reasonable attorney's fees and costs;

d.      If the Court should find, treble damages; and

e.      Injunctive relief to preclude Chase from imposing these charges in now and in the future.

WHEREFORE, Plaintiffs pray this Honorable Court grant appropriate damages, including, but not limited to

A.      Certifying the Class described, and appointing Plaintiff as representative of the Class, and the undersigned as Class counsel;

B.      Requiring that the Chase pay compensatory damages, restitution, statutory damages, attorney's fees and experts' fees, and punitive damages as appropriate;

C.      Enjoining the Defendant from conducting such violative activity in the future, and

D.     Granting such other relief as the Court may deem appropriate.

## COUNT II - UNFAIR TRADE PRACTICES
## PLAINTIFF V. CHASE

36.     The averments of paragraphs one through and including thirty-five (35)

above are incorporated herein by reference as if set forth herein at length.

37.     Plaintiff is a consumer.

38.     Defendant is an entity which has placed its product for sale into the stream of

commerce of the United States of America, and made such product available to the

consumer in every jurisdiction in which any member of the Class resides.

39.     Defendant has advertised, offered for sale or distribution its respective

products, including services.

40.     Defendant, Chase, has engaged in unfair trade practices, unfair methods of

competition, and has practiced other unfair or deceptive acts or practices directly or

indirectly adversely affecting the Plaintiff, as described above, in Count I and the factual

statement.

The acts and practices include, but are not limited to:

a.     Making false or misleading statements of fact, by silence or

otherwise;

b.     Knowingly misrepresenting that those late fees were permissible,

lawful and contractually appropriate;

c.     Knowingly misrepresenting that the other charges related to the

wrongful attribution of payments and wrongful charges by Chase, including, but not limited

to, certain attorney's fees and costs, for example, are permissible, lawful and contractually

appropriate;

      d.     "Engaging in other fraudulent conduct which creates a likelihood of confusion or of misunderstanding"

      e.     Engaging in any other conduct deemed to constitute unfair trade practices, unfair methods of competition, or other unfair or deceptive acts or practices.

WHEREFORE, Plaintiffs pray this Honorable Court find in favor of plaintiff and against Chase and grant compensatory damages, statutory damages, treble damages, punitive damages, costs, interest and attorney's fees.

## COUNT III – CONTRACT
## CLASS ACTION – PLAINTIFFS V. CHASE

41.     Paragraphs one through and including forty (40) above are incorporated herein by reference as if set forth herein at length.

42.     The mortgage contract (including the mortgage and note) by and between plaintiffs and Chase is a generic mortgage contract utilized by numerous mortgagees, mortgage servicers, MERS, Fannie Mae and other related entities.

43.     All of the elements of contract are present in the transactions involving the plaintiff, members of the Class, and Chase, to wit:

      a.     Offer and acceptance;

      b.     Consideration;

      c.     Mutual meeting of the minds.

44.     It is the contractual obligation of the plaintiff and members of the Class to make timely payments as prescribed by the Note.

45.     It is the contractual responsibility of Chase to receive mortgage payments and properly credit the mortgagors therefor.

46.     If plaintiff and any member of the Class should make a payment late, to

wit: the 17th of the respective month, Chase is entitled to charge a late charge therefor.[10]

47.     If a late charge is imposed, some mortgage servicers will pay themselves
the late charge imposed from the prior month's late payment and take the late charge
from the current month's full payment if not included, thus rendering the "current
month's full payment" short, by the amount of the "late fee", thus perpetuating "late
charges".

48.     Such application is in violation of the mortgage contract, specifically
paragraph 2, thereof. A true and correct copy of the mortgage contract is attached hereto
as Exhibit "G", and the Note is attached hereto as Exhibit "H".

49.     In any event, by operation of law, when a person files for protection under
and pursuant to 11 U.S.C. Chapter 13, the pre-bankruptcy petition arrears become part of
a Chapter 13 plan, and are no longer includable in the post-bankruptcy petition current
payments.

50.     In any event, by operation of law, when a person files for protection under
and pursuant to 11 U.S.C. Chapter 13, the debtor's post-bankruptcy petition mortgage
payment status is as the debtor is current. Therefore, although there may be pre-petition
bankruptcy arrears, the loan is deemed "current" for post-bankruptcy petition payments.

51.     Thus, regardless of pre-bankruptcy petition status, the loan, for purposes
of post-bankruptcy petition mortgage payments, is to be deemed "current.

52.     Thus, when post-bankruptcy petition mortgage payments are made on a
timely basis, late charges that may have evolved from the debtor's pre-bankruptcy

---

[10] The industry practice is that the servicer, in this case, Chase, is permitted to keep the
late charge, even if not the investor or owner of the mortgage. It is believed that Chase is
the investor/owner/holder of the mortgage at this time.

petition arrears may not be charged.

53.     Thus, in a post-bankruptcy petition under and pursuant to Chapter 13, the imposition of late charges cannot be a function of pre-bankruptcy petition arrears OR late payments.

54.     Therefore, under no circumstances, under a Chapter 13 bankruptcy, can the pre-bankruptcy petition escrow arrears, or other accrued charges, act to influence post-bankruptcy petition payments.

55.     Chase has been charging late fees to Chapter 13 debtors based upon pre-bankruptcy petition arrears, including plaintiff and the class members.

56.     Chase has been charging late fees to Chapter 13 debtors regardless if the debtors' post-bankruptcy petition payments have been and are timely, made prior to the 17th of the respective month(s), or the correlative deadline before which late fees may be charged.

57.     These charges constitute a violation of the generic and universal contract by and between plaintiff and the members of the Class and Chase.

58.     Members of the Class have paid these wrongfully imposed late fees.

59.     Plaintiff and the members of the Class have been imposed these wrongfully charged late fees which have been attempted to be collected by CHASE.

60.     These charges violate the contract.

WHEREFORE, Plaintiffs pray this Honorable Court grant appropriate damages, including, but not limited to

A.     Certifying the Class described, and appointing Plaintiff as representative of the Class, and the undersigned as Class counsel;

B.     Requiring that Chase pay compensatory damages, restitution,

statutory damages,  as appropriate;

C.     Enjoining the Defendant from conducting such violative activity in

the future, and

D.     Granting such other relief as the Court may deem appropriate.

Respectfully submitted:

_____

Stuart A. Eisenberg, Esquire
Attorney I.D. 12433
Carol B. McCullough, Esquire
Attorney I.D. 56424
MCCULLOUGH EISENBERG, LLC
530 West Street Road
Warminster, PA 18974
Tel.  1-215-957-6411
Fax. 1-215-957-9140
www.mlawoffice@aol.com